UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHILLIP SANDERS, | ) | 1:06-cv-1111-AWI-SMS |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED IN FORMA |
| | ) | PAUPERIS (DOC. 2) |
| v. | ) | |
| | ) | ORDER DISMISSING PLAINTIFF'S |
| FRESNO COUNTY PROBATION | ) | COMPLAINT WITH LEAVE TO FILE AN |
| DEPARTMENT, et al., | ) | AMENDED COMPLAINT NO LATER THAN |
| | ) | THIRTY DAYS AFTER THE DATE OF |
| Defendants. | ) | SERVICE OF THIS ORDER (DOC. 1) |
| | ) | |
| | ) | |

   Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

   I. <u>Application to Proceed in Forma Pauperis</u>

   On August 22, 2006, Plaintiff filed an application to proceed in forma pauperis.

   Plaintiff has submitted a declaration that makes the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

////

1

II. <u>Screening the Complaint</u>

A. <u>Legal Standards</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. <u>Id.</u> Although a complaint need not outline all

---

[1] The Court will screen the complaint and any amended complaint that is filed and will issue an order determining that claims against specific defendants have been stated before the Court will direct that the complaint be served on any defendant.

2

1  elements of a claim, it must be possible to infer from the
2  allegations that all elements exist and that there is entitlement
3  to relief under some viable legal theory. Walker v. South Cent.
4  Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v.
5  ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).
6  　　　In reviewing a complaint under this standard, the Court must
7  accept as true the allegations of the complaint in question,
8  Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
9  (1976), construe the pro se pleadings liberally in the light most
10 favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447
11 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
13 　　　If the Court determines that the complaint fails to state a
14 claim, leave to amend should be granted to the extent that the
15 deficiencies of the complaint can be cured by amendment. Lopez v.
16 Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A
17 complaint, or a portion thereof, should only be dismissed for
18 failure to state a claim upon which relief may be granted if it
19 appears beyond doubt that the Plaintiff can prove no set of
20 facts, consistent with the allegations, in support of the claim
21 or claims that would entitle him to relief. See Hishon v. King &
22 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
23 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
24 Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
25 Dismissal of a pro se complaint for failure to state a claim is
26 proper only where it is obvious that the Plaintiff cannot prevail
27 on the facts that he has alleged and that an opportunity to amend
28 would be futile. Lopez v. Smith, 203 F.3d at 1128.

1  A claim is frivolous if it lacks an arguable basis either in
2 law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A
3 frivolous claim is based on an inarguable legal conclusion or a
4 fanciful factual allegation. Id. A federal court may dismiss a
5 claim as frivolous if it is based on an indisputably meritless
6 legal theory or if the factual contentions are clearly baseless.
7 Id.

8  The test for malice is a subjective one that requires the
9 Court to determine whether the applicant is proceeding in good
10 faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46
11 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.
12 1986). A lack of good faith is most commonly found in repetitive
13 suits filed by plaintiffs who have used the advantage of cost-
14 free filing to file a multiplicity of suits. A complaint may be
15 inferred to be malicious if it suggests an intent to vex the
16 defendants or abuse the judicial process by relitigating claims
17 decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309
18 (D.C.Cir. 1981); if it threatens violence or contains
19 disrespectful references to the Court, id.; or if it contains
20 untrue material allegations of fact or false statements made with
21 knowledge and an intent to deceive the Court, Horsey v. Asher,
22 741 F.2d 209, 212 (8th Cir. 1984).

23  B. Plaintiff's Complaint

24  Plaintiff sues the Fresno County Probation Department and
25 alleges that he suffered mistakes in unspecified violation of
26 parole hearing reports, violation attempts before his first
27 appointment with the probation department, mistakes in an
28 unspecified minute order and probation stipulation order, two "no

4

show's" at court-ordered violation of probation hearings, a change in probation officer without notice, incarceration on false charges that probation officers as overseers were responsible to detect before arrest, and a number of violations of probation "made outside the probation department itself."

### C. Jurisdiction

Federal courts are courts of limited jurisdiction; this Court has a duty to determine its own subject matter jurisdiction, and lack of subject matter jurisdiction can be raised on the Court's own motion at any time. Fed. R. Civ. P. 12(h)(3); CSIBI v. Fustos, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511-512 (1973)). A federal court is under a continuing duty to dismiss an action where it appears that the court lacks jurisdiction. Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989).

Rule 8 requires that Plaintiff state a short and plain statement of the grounds upon which the court's jurisdiction depends. Plaintiff refers to general negligence and intentional tort. Plaintiff also refers to the crossing of federal guidelines by Defendant, a local agency. It does not appear that original jurisdiction in this Court may be based upon these grounds.

However, Plaintiff also alleges that his civil rights were violated. The Court will analyze Plaintiff's complaint as stating or attempting to state a civil rights claim.

### D. Rule 8 Notice Requirement

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency,

5

733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

Here, Plaintiff has not alleged any specific actions by any specific persons; no dates, identity of actors, or other details are given. Thus, Plaintiff's claim cannot serve to give notice to any defendant of the substance of his claim.

E. Section 1983

The Civil Rights Act provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he

6

does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, some of the allegations of the complaint are uncertain, such as the reference to a number of violations of probation "made outside the probation department itself." (Cmplt. p. 1.) Some of the conduct complained of by Plaintiff is not alleged to have resulted in any deprivation of federally protected rights, such as violations before a first appointment, mistakes in unspecified minute orders and stipulated orders, failures of probation personnel to appear at hearings regarding violation of probation, and a change in the identity of the probation officer without notice.

Although the complaint is unclear and devoid of factual context, other conduct mentioned in the complaint might have resulted in an some deprivation, such as mistakes in unspecified violation of probation hearing reports and incarceration on false charges that probation officers as overseers were responsible to detect before arrest. However, as previously noted, these allegations are not sufficiently specific to give notice of the claim.

    F. Defendant Fresno County Probation Department

It is essential for the Plaintiff to link a named defendant with an affirmative act or omission resulting in a deprivation of rights. In this regard, Plaintiff has named the Fresno County Probation Department as the defendant. A county is a person for the purposes of § 1983. Thompson v. City of Los Angeles, 885 F.2d

7

1439, 1443 (9th Cir. 1989) However, Plaintiff does not allege facts concerning any conduct engaged in by that entity. The Court notes that a local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability; a county could be liable for its own actions in the nature of policy or customs, factual circumstances which Plaintiff has not alleged. See, Bd. of County Commissioners v. Brown, 520 U.S. 397, 403 (1997). Further, Plaintiff has failed to link the named defendant with some affirmative act or omission.

Accordingly, Plaintiff has not alleged facts indicating a claim against the Probation Department, and Plaintiff's complaint must be dismissed with leave to amend.

G. Status of Probation Violation

In seeking damages and in seeking to have this Court "clear" his probation and reinstate his rights (Cmplt. p. 1), Plaintiff is necessarily still claiming that the procedure leading to his probation violation was invalid and thus that the violation itself was invalid. The validity of the revocation of probation is implicated by Plaintiff's challenge. Plaintiff's civil claim for damages thus amounts to a collateral attack on his probation violation and subsequent incarceration. Such an attack is not permitted by Heck v. Humphrey, 512 U.S. 477, 486-87, and Edwards v. Balisok, 520 U.S. 641, 644-48 (1997). Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997); see, Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005). Thus, Plaintiff's civil rights claim for the relief stated (as distinct from some injunctive relief) does not accrue unless and until the probation violation is reversed, expunged, or otherwise invalidated by habeas corpus.

H. <u>Immunity</u>

Although Plaintiff's complaint is uncertain, it is possible that Plaintiff will be able to state specific facts in an amended complaint. It appears that Plaintiff is seeking to hold probation officers liable for errors in a report, or for arresting and holding him in custody for the purpose of investigation regarding a probation violation. In that regard, the Court notes that it has been held that probation officers have absolute judicial immunity for preparing reports for the use of state courts because in performing that function, they are serving a function integral to the independent judicial process. <u>Demoran v. Witt</u>, 781 F.2d 155, 156-7 (9th Cir. 1985). It has also been held that a probation officer performing administrative or investigative tasks may be entitled to only qualified immunity. <u>See</u>, <u>Ray v. Pickett</u>, 734 F.2ed 370, 373 (9th Cir. 1984).

III. <u>Amendment of the Complaint</u>

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim against the defendants and has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules

adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, it IS ORDERED that:

1) Plaintiff's application to proceed in forma pauperis IS GRANTED; and

2) Plaintiff's complaint IS DISMISSED with leave to amend; and

3) Plaintiff IS GRANTED thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint";  failure to file an amended

complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:    September 13, 2006**                  /s/ Sandra M. Snyder
icido3                                           UNITED STATES MAGISTRATE JUDGE