UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PHILLIP SANDERS, | ) | 1:06-cv-1111-AWI-SMS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS PLAINTIFF'S FIRST AMENDED |
| | ) | COMPLAINT WITHOUT LEAVE TO AMEND |
| v. | ) | (DOC. 5) |
| | ) | |
| FRESNO COUNTY PROBATION | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Screening the Complaint

A. Legal Standards

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted,

1

or seeks monetary relief against a defendant who is immune from such relief.[1] 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.  Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question,

---

[1] The Court will screen the complaint and any amended complaint that is filed and will issue an order determining that claims against specific defendants have been stated before the Court will direct that the complaint be served on any defendant.

2

1  Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
2  (1976), construe the pro se pleadings liberally in the light most
3  favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447
4  (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
5  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
6  　　　If the Court determines that the complaint fails to state a
7  claim, leave to amend should be granted to the extent that the
8  deficiencies of the complaint can be cured by amendment. Lopez v.
9  Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A
10 complaint, or a portion thereof, should only be dismissed for
11 failure to state a claim upon which relief may be granted if it
12 appears beyond doubt that the Plaintiff can prove no set of
13 facts, consistent with the allegations, in support of the claim
14 or claims that would entitle him to relief. See Hishon v. King &
15 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
16 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
17 Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
18 Dismissal of a pro se complaint for failure to state a claim is
19 proper only where it is obvious that the Plaintiff cannot prevail
20 on the facts that he has alleged and that an opportunity to amend
21 would be futile. Lopez v. Smith, 203 F.3d at 1128.
22 　　　A claim is frivolous if it lacks an arguable basis either in
23 law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A
24 frivolous claim is based on an inarguable legal conclusion or a
25 fanciful factual allegation. Id. A federal court may dismiss a
26 claim as frivolous if it is based on an indisputably meritless
27 legal theory or if the factual contentions are clearly baseless.
28 Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. <u>Kinney v. Plymouth Rock Squab. Co.</u>, 236 U.S. 43, 46 (1915); <u>see</u> <u>Wright v. Newsome</u>, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, <u>Crisafi v. Holland</u>, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, <u>id.</u>; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, <u>Horsey v. Asher</u>, 741 F.2d 209, 212 (8th Cir. 1984).

### B. <u>Plaintiff's First Amended Complaint</u>

Plaintiff sues two probation officers, Officer Rufugio Lopez and Officer Gordon Dahlberg. Plaintiff alleges that in June 2006 the two officers violated his Fifth Amendment right to due process of law by arresting him for a violation of probation for his not having been enrolled in an anger management program; he alleges that he had received notice of an appointment with Officer Lopez to receive the officer's approval to enroll in the anger management program, and that such approval was required before he could begin the progam, but he was arrested for not being enrolled before the date for that appointment ever came about. Plaintiff alleges that this resulted in false arrest, a violation of probation, and his being in custody in the county

jail for about sixty to sixty-four days. He seeks damages in the total amount of $304,000.00 for loss of freedom, mental anguish, and related damages concerning a real estate refinancing loan that he did not receive because he could not complete the transaction while in custody, including foreclosure fees. Plaintiff does not seek any other type of relief.

        C. <u>Section 1983</u>

The Civil Rights Act provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986).

In seeking damages for what Plaintiff clearly alleges to have been a wrongful violation of probation, Plaintiff is necessarily still claiming that the entire basis for his probation violation was invalid and thus that the violation itself was invalid. The validity of the revocation of probation is implicated by Plaintiff's challenge. Plaintiff's civil claim for damages thus amounts to a collateral attack on his probation violation and subsequent incarceration. Such an attack is not permitted by <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, and <u>Edwards</u>

5

v. Balisok, 520 U.S. 641, 644-48 (1997); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (challenge to the procedures used to deny parole eligibility held necessarily to implicate the validity of the denial of parole and thus of confinement and to require habeas corpus); see, Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005) (noting the importance of determining whether or not a successful § 1983 action would necessarily imply the invalidity of the sentence or the duration or fact of the plaintiff's confinement).

Plaintiff seeks only damages. Plaintiff was previously informed in the Court's order dismissing his complaint with leave to amend of the limitation on his claim presented by Butterfield and Wilkinson v. Dotson. Plaintiff has thus had an opportunity to file an amended complaint alleging facts that would not necessarily imply the invalidity of his parole revocation, and he has failed to allege any such facts. Considering the nature of Plaintiff's claim and the type of relief requested, it does not appear possible that Plaintiff could allege facts that would change the conclusion that Plaintiff's claim is precluded by Heck, Balisok, and Wilkinson v. Dotson. Another opportunity to amend his complaint would appear to be futile. Plaintiff's civil rights claim for the relief sought does not accrue unless and until the probation violation is reversed, expunged, or otherwise invalidated.

II. Recommendation

Accordingly, it IS RECOMMENDED that Plaintiff's complaint BE DISMISSED WITHOUT LEAVE TO AMEND.

This report and recommendation is submitted to the United

States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 31, 2006**             /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE